## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**February 11, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MARK W. MCFALL,**
**Petitioner**

**vs.)    No. 18-0433**

**WEST VIRGINIA BOARD OF LAW EXAMINERS,**
**Respondent**


## MEMORANDUM DECISION


The petitioner Mark W. McFall, by counsel Cheryl E. LaNasa, filed exceptions before the Court to the West Virginia Board of Law Examiners' (hereinafter "the Board") April 13, 2018, decision denying his application for admission without examination, otherwise referred to as by reciprocity, to the West Virginia Bar. The reason for the denial is that the petitioner failed to produce a certificate of good standing from each state in which he has been admitted to the practice of law, as is required pursuant to Rule 4.2(a) of the West Virginia Rules for Admission to the Practice of Law (hereinafter "W. Va. R. Admission Prac. Law"). The Board, by counsel Teresa J. Lyons, filed a response in support of its decision.

After review and consideration of the pleadings, together with the appendix record, it is determined that this case does not involve a substantial question of law, and the Court does not disagree with the decision of the Board as to the question of law. Therefore, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure. We agree with the finding of the Board that petitioner is not eligible for admission without examination to the practice of law in West Virginia.

The petitioner is a graduate of the Cumberland School of Law of Samford University. In November of 1988, the petitioner was admitted to the practice of law by successful bar examination in the State of Texas. In April of 1990, the petitioner was admitted to the practice of law by successful bar examination in the State of Florida. The petitioner's law practice in both Texas and Florida was primarily focused on various types of litigation. The petitioner's Texas law license was suspended as a result of nonpayment of bar dues on September 1, 2001.

1

On April 26, 2002, the Supreme Court of Florida entered an emergency suspension of the petitioner's license to practice law following an allegation that the petitioner misappropriated client funds while serving as an escrow agent. Following the emergency suspension, a formal disciplinary complaint was filed against the petitioner. The Supreme Court of Florida then suspended the petitioner's license to practice law for three years, to be followed by a three-year probationary period. Following his suspension, the petitioner did not apply for reinstatement of his Florida law license.

While suspended from the practice of law in Florida, the petitioner was admitted to the practice of law by successful bar examination in the State of Tennessee in October of 2010. Following his admission to the Tennessee Bar, the petitioner again primarily focused his law practice on various types of litigation.

On March 31, 2017, the petitioner submitted his application to the Board for bar admission without examination pursuant to Rule 4.0 of the W. Va. R. Admission Prac. Law. As part of his application materials, he submitted only a certificate of good standing from Tennessee. After participating in an interview conducted by the 12th District Character Committee, the bar admissions administrator informed the petitioner that the Board determined that he does not qualify for admission without examination to the practice of law in West Virginia because he failed to produce a certificate of good standing from each state in which he has been admitted to the practice of law, pursuant to Rule 4.2(a).

Following the Board's denial of admission without examination, the petitioner timely requested an administrative hearing pursuant to Rule 6.0. An administrative hearing was held on February 12, 2018. During the hearing, the petitioner presented evidence in support of his character and fitness to engage in the practice of law.

The hearing examiner issued findings and conclusions in a report dated March 22, 2018. The hearing examiner noted that the sole issue for determination was the petitioner's compliance with the provisions of Rule 4.2(a). The hearing examiner then concluded that the petitioner failed to produce a certificate of good standing from each state in which he has been admitted to the practice of law, pursuant to Rule 4.2(a), and, therefore, recommended that the Board's denial of the petitioner's application for admission without examination be affirmed.

The Board reviewed the hearing examiner's report, together with the transcript of the hearing, the briefs filed by both parties, and the petitioner's application file. The Board voted to deny the petitioner's application for admission without examination based upon his failure to satisfy the provisions of Rule 4.2(a). He could not produce a certificate of good standing from each state in which he has been admitted to the practice of law as required by Rule 4.2(a).

This Court is vested with the authority under article VIII, section one of the West Virginia Constitution "to define, regulate and control the practice of law in West Virginia." Syl. Pt. 1, *Lane v. W. Va. State Bd. of Law Examiners*, 170 W.Va. 583, 295 S.E.2d 670 (1982). Pursuant to this authority, this Court has promulgated the Rules.

Pursuant to Rule 6(e), the petitioner filed exceptions with this Court to the Board's decision. We consider this matter under the following standard of review:

> This Court reviews *de novo* the adjudicatory record made before the West Virginia Board of Law Examiners with regard to questions of law, questions of application of the law to the facts, and questions of whether an applicant should or should not be admitted to the practice of law. Although this Court gives respectful consideration to the Board of Law Examiners' recommendations, it ultimately exercises its own independent judgment. On the other hand, this Court gives substantial deference to the Board of Law Examiners' findings of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record.

Syl. Pt. 2, *Matter of Dortch,* 199 W.Va. 571, 486 S.E.2d 311 (1997).

The petitioner argues that Rule 4.2(a) requires that an applicant for admission without examination only submit a certificate of good standing for each jurisdiction in which he has been admitted to practice law <u>and</u> currently maintains an active status. Therefore, the petitioner asserts that because he submitted a certificate of good standing from Tennessee, which is the only other jurisdiction in which he currently maintains an active law license, he has complied with the provisions of Rule 4.2(a). The petitioner asks the Court to find that he has satisfied the requirements set forth in Rule 4.2(a), reverse the Board's denial of his application for admission without examination, and hold that he is eligible for admission without examination to the West Virginia Bar.

The Board, in response, argues that the petitioner's interpretation of Rule 4.2(a) is contrary to the purpose of the rule, namely to prevent attorneys who have been suspended in other jurisdictions from engaging in the practice of law in West Virginia. The Board urges this Court to apply Rule 4.2(a) and require an applicant for admission without examination to demonstrate that he is in good standing in every jurisdiction in which he has been admitted to practice law. Finally, the Board requests that this Court affirm its decision that the petitioner is ineligible for admission without examination to the practice of law in West Virginia.

Rule 4.2(a) provides that "[i]n order to be admitted to the practice of law in West Virginia, the applicant must be in good standing in every state in which he or she has been admitted to practice and maintains an active status and must submit evidence of that standing." The petitioner's interpretation of Rule 4.2(a) was rejected by the Board, and the Board concluded that the petitioner failed to satisfy the provisions of Rule 4.2(a). Specifically, the hearing examiner, whose conclusions were adopted by the Board, determined that Rule 4.2(a) requires an applicant to establish that he is in good standing in every state in which he has been admitted to practice law <u>and</u> in every state in which he maintains an active practice. Further, the hearing

3

examiner reasoned that by adopting Rule 3.20(a) and (b) of the West Virginia Rules of Lawyer Disciplinary Procedure[1] this Court has set a public policy that "recognizes and upholds the disciplinary procedures and sanctions imposed by the bar of another jurisdiction."

Thus, our focus turns to whether the Board correctly concluded that the petitioner failed to satisfy the provisions of Rule 4.2(a). We conclude that it did. By failing to be able to provide a certificate of good standing from two of the three jurisdictions in which the petitioner has been previously admitted to the practice of law, the petitioner has failed to satisfy the requirements for admission without examination to the practice of law set forth in Rule 4.2(a). In order to be admitted to the practice of law in West Virginia, an applicant must satisfy the requirements set forth in Rule 4.2(a). Because the petitioner has failed to submit certificates of good standing from each jurisdiction in which he was previously admitted, he is ineligible for admission without examination to the practice of law in West Virginia. *Id.*

Upon consideration of the applicable standard of review and the record, this Court finds that petitioner's exceptions have no merit, and, therefore, we affirm the Board's finding that the petitioner, Mark W. McFall, is not eligible for admission without examination to the practice of law in West Virginia.

Affirmed.

**ISSUED:** February 11, 2019

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[1] Rule 3.20(a) of the Rules of Lawyer Disciplinary Procedure provides that "[a] final adjudication in another jurisdiction, whether state or federal, of misconduct constituting grounds for discipline of a lawyer or a voluntary surrender of a license to practice in connection with a disciplinary proceeding shall, for the purposes of proceedings pursuant to these rules conclusively establish such conduct." Rule 3.20(b) of the Rules of Lawyer Disciplinary Procedure provides that:

> Any lawyer who is a member, active or inactive, of The West Virginia State Bar against whom any form of discipline has been imposed by the authorities of another jurisdiction, whether state or federal, or who voluntarily surrenders his or her license to practice law in connection with disciplinary proceedings in another jurisdiction, whether state or federal, shall notify the Office of Disciplinary Counsel of such action in writing within ten days thereof.

4